Melanie L. Cyganowski, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:  (212) 661-9100
Facsimile:  (212) 682-6104

*Special Litigation and Conflicts Counsel for*
*Navillus Tile, Inc. d/b/a Navillus Contracting*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NAVILLUS TILE, INC., d/b/a NAVILLUS CONTRACTING, | Case No. 17-13162 (shl) |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| NAVILLUS TILE, INC., d/b/a NAVILLUS CONTRACTING, | |
| Plaintiff, | |
| | Adv. Proc. No. |
| -against- | |
| HUNTER ROBERTS CONSTRUCTION GROUP, LLC, | |
| Defendant. | |

-------------------------------------------------------------X

## ADVERSARY COMPLAINT

Navillus Tile, Inc., d/b/a Navillus Contracting, the above-captioned debtor and debtor-in-possession ("Plaintiff"), by and through its special litigation and conflicts counsel, Otterbourg P.C., brings this adversary proceeding against Hunter Roberts Construction Group, LLC ("Defendant"), and alleges as and for its Complaint in this action against Defendant as follows:

1

5419165.1

## NATURE OF ADVERSARY PROCEEDING

1.  This is an adversary proceeding commenced by Plaintiff pursuant to the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq*. (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking damages resulting from Defendant's failure to turn over property of the estate, breach of contract, and unjust enrichment. As such, Plaintiff also seeks to disallow any claims filed/scheduled by Defendant under Bankruptcy Code §§ 502(d), (h) or (j).

## INTRODUCTION

2.  On November 8, 2017 (the "Filing Date"), Plaintiff filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

3.  Plaintiff has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4.  On November 28, 2017, the Office of the United States Trustee appointed an official committee of unsecured creditors.

5.  On the Filing Date, Plaintiff filed the Affidavit of Donal O'Sullivan pursuant to Local Bankruptcy Rule 1007-2 (the "First Day Affidavit"). A detailed factual background of Plaintiff's business and operations, as well as the events leading to the filing of this Chapter 11 case, is more fully set forth in the First Day Affidavit and incorporated herein by reference.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e).

7.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5419165.1

8. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

9. The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105, 541, 542, 1107 and 1108 and Bankruptcy Rules 7001(a) and 9016.

10. Plaintiff consents to the entry of final orders and judgments by the bankruptcy judge regarding the matters set forth herein.

## THE PARTIES

11. Plaintiff is a corporation organized and existing under New York State law, with offices located at 633 Third Avenue, 17th Floor, New York, New York 10017.

12. Upon information and belief, Defendant is foreign limited liability company organized under Delaware law and authorized to do business in New York with offices located at 55 Water Street, New York, NY 10041.

## FACTUAL BACKGROUND

13. Plaintiff is one of the largest subcontractors and general contractors in New York, specializing as a high-end concrete and masonry subcontractor on large private and public construction projects in the New York metropolitan.

**The Contract**

14. On or about November 28, 2014, Plaintiff as subcontractor and Defendant as contractor entered into the Subcontract Agreement (the "Contract"), for the performance of certain work, labor, and services related to superstructure concrete work for the project known as Manhattan West South West Tower (the "Project").

15. The Contract establishes the sum of Fifty Six Million Nine Hundred and Fifty Thousand Dollars ($56,950,000) as the original contract price for Plaintiff to perform concrete work at the Project.

**$1,500,588.30 in Retainage**

16. Pursuant to the Contract's terms, Defendant was authorized to retain a portion of the agreed upon contract price to assure that Plaintiff completed the work under the Contract.

17. Pursuant to §3.8 of the Contract, final payment of the unpaid balance, including retention, shall be made by application for final payment submitted in accordance with §3.9 of the Contract.

18. In accordance with §3.9 of the Contract, Plaintiff submitted payment application(s) requesting final payment of amounts due and owing pursuant to the Contract's terms, including, without limitation, retainage in the total amount of $1,500,588.30 (the "Retainage").

**$253,601.05 in Contract Work**

19. In addition, during the term of the Contract, Defendant performed contract work, at Defendant's specific request, in the amount of $253,601.05 (the "Contract Work").

20. Plaintiff performed the Contract Work during the months of September 2017 through January 2018.

**$3,436,044.75 in Additional Work**

21. At Defendant's request, Plaintiff performed work in addition to the Contract Work, including but not limited to certain change orders, totaling $3,436,044.75 (the "Additional Work").

22. The Project is substantially complete but notwithstanding Plaintiff's performance under the Contract, Defendant has failed to pay Plaintiff for the Retainage, Additional Work, and

5419165.1

Contract Work totaling $5,190,234.10 (collectively referred to hereafter as the "Outstanding Amount").

23. Despite demand, Defendant has failed and refused to turn over the Outstanding Amount.

### AS AND FOR THE FIRST CLAIM FOR RELIEF
### (Turnover of Property to the Estate Pursuant to 11 U.S.C. §§ 541 and 542)

24. Plaintiff repeats and re-alleges each allegation as if fully set forth herein.

25. Pursuant to Bankruptcy Code §§ 541(a)(1) and (a)(6), upon the filing of a bankruptcy case, an estate is created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."

26. Pursuant to Bankruptcy Code § 542, a party holding property of the estate has a mandatory duty to turn over such property of the estate to the debtor upon the filing of a bankruptcy case.

27. A debtor's rights to be paid for labor and material supplied under the terms of a contract that are due and owing as of the commencement of a bankruptcy case is considered property of the estate.

28. Therefore, Plaintiff is entitled to turnover of the Outstanding Amount.

29. By failing to pay Plaintiff, Defendant has improperly retained $5,190,234.10 worth of estate property to Plaintiff's detriment.

30. As a direct and proximate result of the foregoing, Plaintiff has sustained damages and there is presently due and owing to Plaintiff a sum of not less than $5,190,234.10 from Defendant, no part of which has been paid.

**AS AND FOR THE SECOND CLAIM FOR RELIEF**
(Breach of Contract)

31. Plaintiff repeats and re-alleges each allegation as if fully set forth herein.

32. Defendant has an obligation under the Contract to pay Plaintiff for Retainage.

33. Defendant has an obligation under the Contract to pay Plaintiff for the Additional Work.

34. Defendant has an obligation under the Contract to pay Plaintiff for the Contract Work.

35. Plaintiff performed work pursuant to the Contract's terms and duly submitted payment requests to be paid in accordance with the Contract.

36. Defendant is required to pay Plaintiff the Outstanding Amount as set forth in the Terms and Conditions of the Contract.

37. Defendant has failed and refused to pay Plaintiff the Outstanding Amount despite demand therefor.

38. Defendant's non-performance of its fundamental obligation under the Contract to pay Plaintiff the Outstanding Amount is a material breach of the Contract.

39. As a direct and proximate result of the foregoing, Plaintiff has sustained damages and there is presently due and owing to Plaintiff a sum of not less than $5,190,234.10 from Defendant, no part of which has been paid.

**AS AND FOR THE THIRD CLAIM FOR RELIEF**
(unjust enrichment)

40. Plaintiff repeats and re-alleges each allegation as if fully set forth herein.

41. Defendant has purposefully failed and refused to pay the Outstanding Amount despite due demand.

42. Defendant has wrongfully benefitted and has been unjustly enriched at Plaintiff's expense.

43. Plaintiff has suffered, and continues to suffer, substantial damages as a result of Defendant's failure to honor its obligation under the Contract to pay the Outstanding Amount.

44. As a direct and proximate result of the foregoing, Plaintiff has sustained damages and is entitled to a judgment against Defendant in an amount not less than $5,190,234.10, plus interest and costs.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**(Disallowance of Claims – 11 U.S.C. §502(d) and (j))**

45. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

46. Defendant is a transferee of the Outstanding Amount avoidable pursuant to Bankruptcy Code §542 which property is recoverable under Bankruptcy Code § 550.

47. Defendant has not paid the Outstanding Amount and has failed to turn over such property for which Defendant is liable under Bankruptcy Code § 550.

48. Pursuant to Bankruptcy Code § 502(d), any and all claims of Defendant against Plaintiff must be disallowed until such time as Defendant pays Plaintiff the amount equal to the Outstanding Amount, plus interest thereon.

49. Pursuant to 11 U.S.C. §502(j), any and all previously allowed claims of Defendant against Plaintiff, if any, including any and all assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the Outstanding Amount.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    (1) On its First Claim for Relief for a judgment against Defendant for turnover under Bankruptcy Code §§ 541 and 542 totaling $5,190,234.10;

    (2) On its Second Claim for Relief for breach of contract damages against Defendant in the amount of $5,190,234.10;

    (3) On its Third Claim for Relief for undue enrichment against Defendant in the amount of $5,190,234.10;

    (4) On its Fourth Claim for Relief under Bankruptcy Code §§ 541 and 542 any and all claims of Defendant against Plaintiff must be disallowed pursuant to Bankruptcy Code §502 until such time as Defendant pays Plaintiff the amount equal to the Outstanding Amount, plus interest thereon;

    (5) attorney's fees, costs, and applicable interest thereon;

    (6) for such other and further relief as the Court may seem just and proper.

Dated: New York, New York
September 25, 2018

OTTERBOURG P.C.

By: */s/ Melanie L. Cyganowski*
Melanie L. Cyganowski, Esq.
230 Park Avenue
New York, New York 10169
(212) 661-9100
mcyganowski@otterbourg.com

*Special Litigation and Conflicts Counsel to Navillus Tile, Inc., d/b/a Navillus Contracting*